IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01814-BNB

BRYAN B. MORSE

Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

### I. Background

Applicant Bryan B. Morse is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. On August 13, 2008, Mr. Morse initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Case No. 00CR4040 in the El Paso County District Court of Colorado. In an order entered on September 16, 2008, Magistrate Judge Boyd N. Boland directed Respondent to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On October 6, 2008, Respondent filed a Pre-Answer. Mr. Morse filed a Reply to the Pre-Answer on October 16, 2008.

In the Application, Mr. Morse asserts that he pled guilty to enticement of a child, agreeing to an open sentence of four years to life, and was sentenced on April 26, 2001. (Application at 1-2.) Mr. Morse also asserts he did not file a direct appeal, but he filed a postconviction motion in August 2003, that was denied by the trial court on October 17, 2005, and in which he did not file an appeal. (Application at 4.) Mr. Morse further asserts that on June 1, 2007, he asked for a proportionate review and a hearing regarding the constitutionality of the Colorado Sex Offenders Lifetime Supervision Act of 1998. (Application at 5.) He states that his June 1, 2007, filing was denied by the trial court and subsequently by the Colorado Supreme Court on August 2, 2008. (Application at 5.)

In the Pre-Answer, Respondent asserts that on February 16, 2001, Mr. Morse pled guilty to enticement of a child in violation of Colo. Rev. Stat. § 18-3-305 and as part of the plea agreement stipulated to an open sentence with the possibility of receiving an indeterminate sentence of two-to-six-years to life in the DOC. (Pre-Answer at 1.) He was sentenced on April 26, 2001, to an indeterminate sentence of four years to life. (Pre-Answer at 1-2.) Respondent further asserts that Mr. Morse filed a Colo. R. Crim. P. 35(b) motion for reconsideration of his sentence on August 22, 2001, which was denied on May 2, 2002. (Pre-Answer at 2.) Respondent also states that after filing other unavailing postconviction motions Mr. Morse filed a motion for proportionality review on May 29, 2007, which was denied by the trial court on June 1, 2007, and in which the Colorado Supreme Court denied a petition for certiorari review on August 4, 2008. (Pre-Answer at 2.)

II. Analysis

The Court must construe liberally Mr. Morse's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues that Mr. Morse's Application is time-barred. He contends that the one-year time period, under § 2244(d), began to run on June 11, 2001, and that it ran for sixty-two days until Mr. Morse timely filed a Rule 35(b) motion on August 22, 2001. (Pre-Answer at 5.) Respondent further contends that the Rule 35(b) motion was denied on May 2, 2002, that Applicant had forty-five days to appeal the denial, and that, even though he did not appeal the denial, the time for the purposes of § 2244(d) was tolled until June 17, 2002, when the motion became final. (Pre-Answer at 5.) Respondent also asserts on October 21, 2002, Mr. Morse filed a motion to vacate judgment of conviction, that the motion was denied on November 12, 2002, that he did not appeal the denial, but that he had forty-five days to file an appeal resulting in the motion to vacate becoming final on December 23, 2002. (Pre-Answer at 5.)

Respondent further states that Mr. Morse filed a motion to vacate his plea agreement on November 22, 2002, that the motion was denied on December 26, 2002, and that he did not file an appeal, but that the motion became final on February 9, 2003, the last day he was able to file an appeal. (Pre-Answer 5.) Finally, Respondent asserts that on August 20, 2003, Mr. Morse filed a postconviction motion that was denied on September 2, 2003. (Pre-Answer at 6.) Respondent concludes that based on the time during which Mr. Morse did not have a post-conviction or other collateral review pending from June 11, 2001, until August 20, 2003, is 376 days. (Pre-Answer at

4

6-7.) Respondent further concludes that Mr. Morse should have filed a § 2254 action in this Court on or about August 9, 2003, and the instant action is untimely. (Pre-Answer at 6.) Because Respondent found that the time for filing a § 2254 in this Court had run by August 9, 2003, he did not address the time between October 18, 2003, the day after his August 20, 2003, postconviction motion became final, until May 28, 2007, the day prior to when he filed his motion for proportionality review.

In his Reply, Applicant states that he is not attacking his conviction but his "disproportion sentence." (Reply at 1.) He further asserts that he is within the one-year time limitation because the Colorado Supreme Court denied his petition for certiorari review on August 4, 2008, and he filed the instant action on August 26, 2008. (Reply at 1.) Mr. Morse further appears to assert that he was not able to file a motion for proportionality review until he had served "two to eight years." (Reply at 1-2.)

The Court assumes, for the purpose of the following findings, that all of Mr. Morse's postconviction and collateral proceedings were properly filed in state court. Nonetheless, prior to when the August 20, 2003, motion was filed, the time was not tolled for purposes of 28 U.S.C. § 2244(d) for over a year. From June 11, 2001, the day after Mr. Morse's conviction and sentence became final, until August 21, 2001, the day prior to when Mr. Morse filed a motion for reconsideration of sentence; from June 18, 2002, the day after his motion for reconsideration of sentence became final, until October 20, 2002, the day prior to when he filed a motion to vacate judgment; and from February 10, 2003, the day after his motion to vacate a plea agreement became final, until August 19, 2003, the day prior to when he filed a postconviction motion, the time is

5

not tolled for a total of 388 days. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Morse does not allege in the Application that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims or that there were any impediments to filing a 28 U.S.C. § 2254 application regarding his claims that were created by state action. He, however, does appear to assert, in his Reply, that he did not know or could not have discovered the factual predicate for his claims at the time of his conviction and direct appeal because under the Colorado Revised Statutes he was not able to file a motion for proportionality review until he had served between two and eight years of his sentence.

Mr. Morse's argument is contrary to Colorado case law. A proportionate review in which a prisoner alleges that the sentence violates the Eighth Amendment is subject to the limitation period set forth in Colo. Rev. Stat. § 16-5-402. *See People v. Moore-El*, 160 P.3d 393 (Colo. App. 2007). Mr. Morse knew of the terms of his sentence at the time of his conviction and pursuant to § 16-5-402 was required to challenge the terms of his sentence within three years of the date of his conviction. He did not file a direct appeal so he had three years from his conviction, which was entered on April 26, 2001, or until April 26, 2004, to file a motion for proportionality review. *See People v. Hampton*, 857 P.2d 441 (Colo. App. 1992), *aff'd* 876 P.2d 1236 (Colo. 1994). This § 2254 action is untimely.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when

circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Morse bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 977-78.

Mr. Morse fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. The instant action, therefore, is barred by the one-year limitation period.

### B. State-Court Exhaustion

Because the action clearly is time-barred the Court will refrain from addressing whether Mr. Morse has exhausted his state court remedies.

### III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

7

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __12__ day of __Nov.__, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01814-BNB

Bryan B. Morse
Prisoner No. 109028
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

Alexander C. Reinhardt
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/13/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk